IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ETHAN PLATTEBORZE,

                Plaintiff,                    CV-08-745-ST

       v.                                OPINION AND ORDER

UNITED STATES OF AMERICA; J.
DHALIWAL, M.D.; LT. RANDY BONG, R.N.;
JODI MASSIE, F.N.P.; J. JOLLY, R.N.; ROBERT
TITCHENER, P.A.; AND JAMES VICKROY,
P.A.,

                Defendants.

KING, District judge:

    Plaintiff Ethan Platteborze filed this action on June 19, 2008, alleging a Bivens claim for inadequate medical care and claims pursuant to the Federal Tort Claims Act, 28 USC § 2674, for medical negligence and intentional infliction of emotional distress. The claims are based on allegedly inadequate medical treatment plaintiff received while incarcerated at the Federal Correctional Institute in Sheridan, Oregon.

1 - OPINION AND ORDER

On February 19, 2009, plaintiff's counsel filed an Unopposed Motion to Withdraw as Counsel of Record for Plaintiff (docket #21), which Magistrate Judge Janice M. Stewart granted on February 20, 2009 (docket #24). Judge Stewart also ordered that until Plaintiff could retain a new attorney, he would proceed *pro se*. *Id*. The Order on Motion to Withdraw was mailed to plaintiff at his last known address but was returned as undeliverable on March 2, 2009 (docket #25).

Defendants moved for a stay of proceedings on March 30, 2009, indicating that plaintiff had informed defendants he was in the process of retaining new counsel (docket #27). Judge Stewart granted the motion and the court sent a copy of the Order staying all deadlines and proceedings to plaintiff at his last known address. This too was returned as undeliverable (docket #31).

Due to the lack of any activity in this case for nearly four months and the failure of plaintiff to keep the court apprised of his most recent address in accordance with Local Rule 83.10, on June 8, 2009, Judge Stewart entered an Order to Show Cause requiring plaintiff, by July 7, 2009, to file a change of address form or show cause why this action should not be dismissed for failure to prosecute (docket #32). The Order to Show Cause was mailed to plaintiff at his last known address but was returned as undeliverable on June 15, 2009 (docket #33).

Pursuant to Local Rule 83.10(a) and (b), every unrepresented party has a continuing responsible to notify the clerk's office and all parties whenever they change their mailing address. When mail from the court to a party cannot be delivered due to the lack of a current address, and the failure continues for sixty (60) days, the court may dismiss the action. Local

Rule 83.12; *see also* FRCP 41(b); *Alexander v. Pac. Maritime Assoc.*, 434 F2d 281, 283 (9th Cir 1970) ("It is well settled in this circuit that a district court has power to dismiss an action for want of prosecution on it's own motion, both under [FRCP 41(b)], and under it local rule, or even in the absence of such rules.") (citing cases), *cert denied*, 401 US 1009 (1971).

    Accordingly, this case is dismissed without prejudice for plaintiff's failure to notify the clerk of his mailing address and for want of prosecution.

    IT IS SO ORDERED.

    DATED this 13th day of July, 2009.

                                       /s/ Garr M. King
                                       Garr M. King
                                       United States District Judge